**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2: 14-270 |
| | ) | |
| CHESTER AKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is a MOTION TO SEVER TRIAL (ECF No. 539) and a

MOTION TO DISMISS (ECF No. 540) filed by Defendant Chester Akins. The government has

filed an OMNIBUS RESPONSE (ECF No. 549). Accordingly, the motions are ripe for

disposition.

**I.      Background**

The parties, counsel, and the Court are familiar with the background of this case and,

therefore, the Court will not recite the facts at length.   In summary, the Federal Bureau of

Investigation, along with other federal and local law enforcement officials, conducted an

investigation of heroin trafficking by an organization centered around Duquesne, Pennsylvania.

The investigation into this alleged conspiracy included Title III wiretaps, multiple search

warrants, controlled purchases, and cooperating defendants.

On December 9, 2014, a federal grand jury in the Western District of Pennsylvania

returned a seven-count indictment against twelve defendants – seven of whom have since pled

guilty.  Four other defendants, including Chester Akins, remain in this matter.  Akins is charged

at Count One of the indictment with Conspiracy to Posses with the Intent to Distribute and

Distribute 100 Grams or More of Heroin

Akins was arraigned on January 9, 2015, and he filed a motion for extension of time to file pre-trial motions. That same day, the Court granted Akins' initial motion. Akins later filed several motions for extension of time to file pretrial motions as well as a motion for a pre-plea presentence investigation report, all of which the Court granted. *See* ECF Nos. 198, 234, 258, 323.

On August 24 and 25, 2015, Akins and his codefendants filed numerous pre-trial motions. The government thereafter sought permission of the Court to file an omnibus response, which the Court granted (and then extended). The government filed its omnibus response on January 20, 2016. By that time, only five of the twelve defendants remained.

On February 1, 2016, this Court resolved all pre-trial motions by order and scheduled a pretrial conference for February 9, 2016. The Court then set a trial date for February 22, 2016. Afterward, Pryor and L. Yarbough moved for a continuance, without any objection from Akins.[1] The Court granted the motions to continue and rescheduled trial for May 9, 2016.

On February 23, 2016, Akins moved for a one-week continuance, which the Court granted. The Court rescheduled trial for May 16, 2016. Almost two weeks later, Akins filed a motion for a detention hearing, which the Court granted. On April 4, 2016, the Court conducted a detention hearing, after which it ordered him detained pending trial.

At that point, the parties were ready to proceed to trial, but a potential conflict of interest arose with counsel for Defendant D. Yarbough, which neither party recognized as a conflict until preparing for trial. On April 15, 2016, the Court held a hearing on this issue. At the hearing, the Court granted, without objection, defense counsel's oral motion to withdraw. New counsel was appointed days later.

---

1. As the government emphasizes, "[s]cheduling the trial was difficult because of the conflicting schedules of counsel and the Court, and the expected length of the trial." Gov.'s Resp. at 2.

Understandably, new counsel for D. Yarbough was not prepared to proceed to trial on May 16, 2016. As such, counsel filed a motion to continue trial, which the Court granted. The Court set a new trial date of September 12, 2016, which was only tentative due to a potential scheduling conflict of counsel for L. Yarbough. Unfortunately, the conflict did not resolve itself, leading the Court to reschedule the trial for January 3, 2017. The Court issued its second trial scheduling order on May 5, 2016.

On May 17, 2016, Akins filed the instant motions. One week later, the government filed a motion requesting that the Court make findings related to the Speedy Trial Act. None of the remaining defendants filed a response to the government's motion despite being given the opportunity to do so.

On June 2, 2016, the Court granted the government's motion and made the following finding: after carefully weighing the need for delay against the interest of the remaining defendants and of society in achieving a speedy trial, the ends of justice support the continuance of the trial from May 16, 2016 to January 3, 2017, to allow the defendants and their counsel a full and fair opportunity to prepare for trial in this complex matter, to prevent a potential miscarriage of justice that could occur if defense counsel were unprepared for trial, and to allow for a joint trial of all defendants before one jury and the efficiencies that such a joint trial provides. Thereafter, on June 7, 2016, the government filed its omnibus response to Akins' motions to sever and dismiss.

## II. Discussion

### A. Motion to Sever

Akins first requests that the Court grant a severance because he is "ready to go to trial now" and because the delay in trial was not in his control. In doing so, Akins argues that the

government or D. Yarbough's prior counsel should have been aware of the conflict of interest at an earlier time.  Akins further contends that the delay will result in his waiting an additional 232 days to stand trial and that, because such a wait is prejudicial, the Court should grant the severance.

The government opposes Akins' motion to sever.  The government argues that there is a strong presumption that joint trials in complex matters such as this case are preferred.  The government further contends that because Defendant cannot or does not show how a joint trial will be prejudicial to him, his motion should be denied.  The Court agrees.

The joinder of parties in a criminal action is governed by Federal Rule of Criminal Procedure 8(b).  Rule 8(b) provides: that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses . . . ."  Fed R. Crim. P. 8(b).  In general, joint trials are preferred in the federal system because they promote efficiency and avoid inconsistent verdicts.  *Zafiro v. United States*, 506 U.S. 534, 537-38 (1993); *United States v. Lore*, 430 F.3d 190 (3d Cir. 2005).  Additionally, "the choice of whether to sever defendants' trials rests in the sound discretion of the district courts."  *Lore*, 430 F.3d at 205.

Federal Rule of Criminal Procedure 14 allows a joint defendant to request a separate trial.  Rule 14 provides, in pertinent part, that "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  The United States Court of Appeals for the Third Circuit has held that the district court may order a severance to prevent the "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or

innocence." *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011) (internal quotations omitted). To prevail on a Rule 14 motion, a defendant must "pinpoint clear and substantial prejudice resulting in an unfair trial." *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010). In determining whether to grant a Rule 14 motion, this Court:

> balance[s] the public interest in joint trials against the possibility of prejudice inherent in the joinder of defendants. Ordinarily, defendants jointly indicted should be tried together to conserve judicial resources. The public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy.

*United States v. Lucas*, No. 08-365-20, 2010 WL 1257462 at *2 (W.D. Pa. Mar. 29, 2010) (citing *United States v. Eufrasio*, 935 F.2d 553 (3d Cir. 1991)).

Here, Akins's boilerplate motion fails to identify what prejudice he will suffer from a joint trial. Akins only contends that, unlike his codefendants, he is ready to stand trial now and will have to remain in detention for another 232 days absent this Court's grant of a severance. Be that as it may, any prejudice Akins may suffer in this case is substantially outweighed by the strong interest in conducting a joint trial – which is expected to take three weeks to try. It involves an array of investigative techniques, and the government will likely use substantial resources presenting that evidence at trial. The Court would likewise expend resources in presiding over, in essence, the same case twice. As such, the Court has a strong interest in trying this multi-defendant case together, particularly where, as here, the case is complex. Accordingly, Akins' motion to sever trial will be denied.

## B. Motion to Dismiss

In a nearly identical motion, Akins argues that his rights under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), and the Sixth Amendment have been violated, and therefore, the indictment should be dismissed. He reiterates that he will face an additional 232 days in prison unless his motion is granted.

The government's response is twofold. It first argues that this motion should be denied because the Court correctly weighed the need for the continuances and made express findings related to same on the record.[2] The government also argues that, with regard to Akins' Sixth Amendment claim, the factors for evaluating such claims outlined in *Barker v. Wingo*, 407 U.S. 514 (1972) weigh against Akins, and therefore, his motion should be denied.

### 1. The Speedy Trial Act Claim

The Speedy Trial Act provides that in any case where a plea of not guilty is entered, trial shall commence within seventy days of filing the indictment. 18 U.S.C. § 3161(c)(1). There are exceptions to that rule, however. Among them are "delays[s] resulting from pretrial motions" and "[a] reasonable period of delay when the defendant is joined with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. §§ 3161(h)(1)(D), (h)(6). Section 3161(h)(7)(A) also makes excludable certain continuances serving "the ends of justice." It states:

> Any period of delay resulting from the continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such an action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id.* at (7)(A). As the government has emphasized throughout this case, this provision requires a court to make "express findings." *See Zedner v. United* States, 547 U.S. 489 (2006). And as long as a court demonstrates that it has weighed the need for delay against the interest of the

---

2. By the government's calculation, the only time that "counts" for the purposes of calculating how many of the seventy days have been used is the time between February 1, 2016, when the Court denied the then outstanding pretrial motions, and February 9, 2016, when defendant Anthony Pryor filed a motion to continue the trial dates, which was then scheduled for February 22, 2016.

public and the defendant in a speedy trial, that requirement is met. *See United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982).[3]

Section 3161(h)(7)(B) sets forth factors that courts shall consider in deciding whether to grant an ends of justice continuance. Among them is whether the case is "so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation . . . for the trial itself within the time limits established by this section." An additional factor is whether failure to grant a continuance would result in a miscarriage of justice. *Id.*

Here, in granting the government's motion, the Court made express findings on the record. After carefully weighing the need for delay against the interest of the remaining defendants and of society in achieving a speedy trial, the Court found that the ends of justice support the continuance of the trial until January 3, 2017. This is indeed a complex case, and as such, it is appropriate to ensure ample opportunity for defense counsel to prepare in order to prevent a potential miscarriage of justice. The Court thus rejects Akins' argument that the time between filing the indictment and trial on January 3, 2017 violates his rights under the Speedy Trial Act. To be sure, nearly all of the delay between Akins' arraignment and May 16, 2016 is attributable to pending motions and delays caused by the defendants' requests for additional time to file pretrial motions.

---

3. As the Court of Appeals for the Sixth Circuit has stated, there is no need for a defendant to consent to an ends of justice continuance; rather, the Court only needs to comply with the procedural requirement of express findings. *See United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009). There are, however, reasons that are forbidden to justify an ends of justice continuance, including: "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the government. 18 U.S.C. § 3161(h)(7)(C).

## 2. The Sixth Amendment Claim

Akins also briefly mentions that his constitutional rights have been violated by the myriad continuances in this case that were supposedly out of his control. The government disagrees.

The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." In *Barker v. Wingo*, the Supreme Court set forth a "flexible" four-factor test for evaluating Sixth Amendment claims. They are: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. 407 U.S. 514, 530 (1972). None of them, however, are regarded as "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Id.* at 533. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533. The Court will address the factors seriatim.

### i. Length of Delay

The length of delay is measured from the earliest of the arrest or public indictment. *Hakeem v. Beyer*, 990 F.2d 750, 760 (3d Cir. 1993). If the delay is unusually lengthy, then a *Barker* determination is triggered. *Id.* In this case, Akins' detention from January of 2015 to January of 2017 is not an ordinary delay, which triggers further review. *See United States v. Velazquez*, 749 F.3d 161, 174 (3d Cir. 2014). An unusual delay may nevertheless be justified where, as here, the case involves a complex conspiracy. *See Barker*, 407 U.S. at 531 (noting that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."). This case is indeed a complex conspiracy charge that involves several counts and twelve (now four) defendants, who had to review discovery,

investigate and file pretrial motions and prepare for trial, which explains much of the delay. But this Court must nevertheless proceed to the three other *Barker* factors in light of this delay.

### ii. Reason for Delay

The second factor – the reason for delay – is the "'flag all litigants seek to capture.'" *Velazquez*, 749 F.3d at 175 (quoting *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986)). At this step, the court must calculate the delay attributable to each party and differentiate the delay caused by the defendant from that caused by the government. *United States v. Claxton*, 766 F.3d 280, 295 (3d Cir. 2014). As our court of appeals has explained:

> *Doggett* described the range of government effort to pursue an accused as extending from "reasonable diligence" to "bad-faith delay." 505 U.S. at 656. With the former, the defendant's speedy trial claim will fail "however great the delay, so long as [the accused] could not show specific prejudice to his defense." *Id.* Bad-faith delay, meanwhile, "would make relief virtually automatic." *Id.* at 657. Between the two is a "more neutral reason such as negligence," which weighs against the government, albeit "less heavily" than a deliberate or bad-faith delay. *Barker*, 407 U.S. at 531. Negligence "still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun." *Doggett*, 505 U.S. at 657.

*Velazquez*, 749 F.3d at 175. To be sure, the government is not responsible for defense counsel's "failure to move the case forward." *Vermont v. Brillon*, 129 S. Ct. 1283, 1291 (2009) (citations and quotation marks omitted).

Here, the government acted with reasonable diligence in pursuing this case. It has been prepared for trial, and none of the delays have been caused by a lack of government diligence. Rather, they were caused by several extensions to file pretrial motions, conflicting schedules of counsel, a deluge of rote pretrial motions, and an unforeseen conflict of interest. At any rate, the delay was not caused by the government. As such, the Court finds that the reason for delay factor weighs against Akins.

### iii. Assertion of Right

The third *Barker* factor requires a court to examine "'[w]hether and how a defendant asserts his [speedy-trial] right,' including 'the frequency and force' of such assertions." *Velazquez*, 749 F.3d at 175 (quoting *Barker*, 407 U.S. at 529, 531). Notably, the *Barker* Court "emphasize[d] that failure to assert the right will make it difficult for a defendant to prove he was denied a speedy trial." 407 U.S. at 531-32.

In this case, the government (and the Court) vaguely recall Akins' counsel objecting to trial continuances, but he has never before filed any formal motion or document with the Court. Instead, Akins' counsel filed at least three motions for extensions to file pretrial motions and for at least one continuance of the trial. Akins has nevertheless has asserted his right to a speedy trial through the pending motion, but it comes two years into this case. The Court thus finds this factor to weigh against Akins.

### iv. Prejudice

"The final consideration in the *Barker* analysis is the prejudice suffered by the defendant." *Claxton*, 766 F.3d at 296. As in *Claxton*, the post-arrest delay in this case was "not prejudicial because it was largely caused by the number of defendants [and] the extensive motions practice . . . undertaken in this complex and large-scale drug conspiracy prosecution." 766 F.3d at 297. In other words, the delay is not attributable to the government. And although Akins has indicated that his prolonged incarceration may be a specific occurrence of prejudice, "the fact remains that much of the delay at issue in this present case was attributable to his co-defendants' own conduct" as well as his own. *Id.* Accordingly, Akins' motion to dismiss will be denied.

### III.	Conclusion

For the reasons hereinabove stated, the Court will deny Akins' motion to sever and motion to dismiss.   An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2: 14-270 |
| | ) | |
| CHESTER AKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 11th day of July, 2016, in accordance with the foregoing Memorandum

Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION TO SEVER

TRIAL (ECF No. 539) and MOTION TO DISMISS (ECF No. 540) filed by Defendant Chester

Akins are **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge